UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:12-cv-00303-KKC

TINA WELDON                                                                                   PLAINTIFF

V.                        **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,                                                                        DEFENDANT
COMMSSIONER OF SOCIAL SECURITY

\* \* \* \* \* \* \* \* \* \* \*

\This matter is before the Court on Cross Motions for Summary Judgment filed by the Plaintiff Tina Weldon (DE 11) and Defendant Commissioner Astrue (DE 12). For the reasons stated below, the Plaintiff's Motion for Summary Judgment is DENIED and the Defendant's Motion for Summary Judgment is GRANTED.

**I.      Factual and Procedural Background**

Plaintiff is a forty-seven year old, high school educated female seeking both Disability Insurance Benefits and Supplemental Security Income Benefits. AR 105; 227-34. Plaintiff alleges that because of a 2002 car accident she suffers from chronic back pain and a history of pancreatitis. AR 110-12. The onset of the disability occurred in September 2007; Plaintiff ceased working in February 2009. AR 227. Prior to 2007, Plaintiff held a variety of jobs including title clerk, billings clerk, and office manager. AR 317. She also worked in customer service as a cashier, salesperson, and waitress. *Id.*

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income Benefits in April 2009. AR 227-34. Her application was initially denied on July 28, 2009 and again on reconsideration. AR 166-69; 175-83. Plaintiff exercised her right to a hearing in

1

November 2010 where the Administrative Law Judge ("ALJ"), Gloria York, found that the Plaintiff was not disabled. AR 89-97. Plaintiff filed a request for review by the Social Security Administration's Appeals Council, but the request was denied August 24, 2012. AR 2-6. In January 2013, the Plaintiff filed this appeal challenging the ALJ's decision. R. 11. Since the Plaintiff has exhausted all of her administrative remedies, her appeal is ripe for review by this court pursuant to 42 U.S.C. § 405(g), § 1383(c) (3).

## II. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency's decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Judicial review of the Commissioner's decision "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id.* However, the court "do[es] not review the evidence de novo, make

2

credibility determinations nor weight the evidence." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

This Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The ALJ determines if the claimant has a disability using a sequential five-step evaluation process. 20 C.F.R. § 416.920. Claimant has the burden under the first four steps of proving the impairment's existence, the severity of limitations caused by it, and that she is unable to perform past relevant work. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The burden shifts to the Commissioner at the fifth step. *Id.*

At the first step, the claimant must show she is not currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a) (4) (I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of severe impairments. 20 C.F.R. § 404.1520(c). At the third step, the claimant must establish that these impairments meets or medically equals a listed impairment. 20 C.F.R. § 1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has

done so, she must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### III. Analysis

In this matter, using the traditional five-step analysis, *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also* 20 C.F.R. § 404.1520 (1982), the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since September 30, 2007; that she had severe impairments, including low back pain with degenerative disc disease and a history of pancreatitis, but that these impairments, or their combination, did not meet or equal one of the listed impairments in 20 C.F.R. § 404; that she retained the RFC to perform a full range of sedentary work; and that she is capable of performing past relevant work as a billing clerk, title clerk office manager, or customer service representative. AR 89-97.

Plaintiff challenges the ALJ's ruling on the following grounds: (1) the ALJ erred at step three of the analysis by improperly evaluating the treating physician's opinion and failing to give adequate reasons for the weight accorded to it; (2) the ALJ further erred at step three by failing to consider the totality of Plaintiff's impairments to determine if they were sufficiently severe to render her disabled; and (3) a reasonable person could conclude that the Plaintiff is disabled. The Court will consider these arguments in turn.

#### A. Weight Accorded to Treating Physicians and Adequacy of Reasons for its Rejection

In her first issue, Plaintiff asserts that the ALJ did not give proper weight to the opinion of her treating physician, Dr. Kennon. Plaintiff contends that various factors support granting Dr.

Kennon's opinion deference including her experience, the nature of their relationship, and her familiarity with the Plaintiff's condition. R. 11.

A treating physician's opinion is given substantial deference only when it is supported by the objective medical evidence. *Warner*, 375 F.3d at 390. This deference is granted on the basis that, "the medical professionals [are] most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting 20 C.F.R. §416.927(d) (2)). The treating physician's opinion, however, must "not be inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §404.1527(d) (2). In the event that the ALJ does not defer to the treating physician's opinion, she must provide "good reasons." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). This requirement means that the ALJ's reasons must be "sufficiently specific to make clear to any subsequent reviews the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, 486. F.3d at 242 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *4 (July 2, 1996)).

In this case, the Court finds that the ALJ's decision to discount Dr. Kennon's opinion was not in error because the opinion was unsupported by the objective medical evidence on record. Specifically, Dr. Kennon's opinion was inconsistent with her treatment records, her decision to treat Plaintiff solely with prescription medication, the findings of Dr. Joshua Gibson's consultative examination, and Plaintiff's statements at the hearing. AR 17-48, 70-78, 417-67; 556-60; 102-24.

Dr. Kennon opined in the July 2009 RFC questionnaire that Plaintiff is incapable of performing "low stress" jobs and could not walk any city blocks without rest or severe pain. AR 592-93. Dr. Kennon stated that the Plaintiff was capable of sitting or standing for ten and five minutes at a time, respectively. *Id.* Further, Dr. Kennon alleged that the Plaintiff could sit or stand for less than two hours in a typical work day and occasionally lift less than ten pounds. AR 593-94. The questionnaire included no reference to the Plaintiff's history of pancreatitis or limitations resulting from it. AR 591-95. In conclusion, Dr. Kennon stated that the Plaintiff was, "unable to maintain standing, walking, [or] sitting for any period of time in order to hold [sic] a job at this point." AR 595.

The Court finds that the ALJ's decision to accord limited weight to Dr. Kennon's opinion is supported by the objective medical evidence. As the ALJ observed, Dr. Kennon's treatment records show that she treated the Plaintiff's chronic back pain solely through prescription medication and did not recommend more rigorous or specialized treatment including, but not limited to, physical therapy, chiropractor adjustment, injection, or surgical evaluation. AR 95-96. Additionally, Dr. Kennon's treatment records reflect the Plaintiff has normal stability, but suffers from a decreased range of motion. AR 17-48, 70-78, 417-67. These findings, as the ALJ noted, are consistent with those made by the Consulting Examiner, Dr. Gibson, who determined that the Plaintiff suffers from chronic back pain resulting in a limited range of motion when attempting to perform flexion-extensions and supine leg raises. AR 95; 562. Dr. Gibson also found that the Plaintiff has a normal gait and station and was capable of walking moderate to long distances without the assistance of a cane. AR 559-60. Plaintiff's capability was further evidenced by her ability to easily get on and off the examination table. AR 558. With regards to the Plaintiff's pancreatic condition, Dr. Kennon's treatment records reflect that the Plaintiff suffered from

abdominal or flank pain on several occasions in 2008. AR 420-39. The Plaintiff continued to complain of abdominal pain intermittently throughout 2009, but as the ALJ noted, Plaintiff testified at the hearing she has not sought treatment for it outside of the medication prescribed by Dr. Kennon. AR 95, 113-14.

There was no error in the ALJ's decision to limit the weight of Dr. Kennon's opinion because it was not supported by the objective evidence. The ALJ provided good reasons for not deferring to the Dr. Kennon's opinion, namely, that it was inconsistent with the objective evidence, including her treatment records and conservative treatment of the Plaintiff. This rationale is sufficiently clear and supports the weight accorded to Dr. Kennon's opinion by the ALJ.

### B. Consideration of Totality of Plaintiff's Impairments

Plaintiff next contends that the ALJ failed to consider the combined severity of her impairments in determining her disability. R. 11. However, upon review the Court finds the ALJ properly considered the combined effect of Plaintiff's impairments before determining the Plaintiff was not disabled.

In order for the Plaintiff to be disabled, the ALJ must consider the combined effect of all of the Plaintiff's impairments, without regard to whether any of the impairments, considered individually, would be sufficient to render the Plaintiff disabled. *Walker v. Comm'r of Soc. Sec.*, 980 F.2d 1066, 1071 (6th Cir. 1992); *see also* 20 C.F.R. § 404.1523.

In reaching its determination, the ALJ stated that neither impairment met or medically equaled one of the listed impairments. AR 93. The ALJ found that the Plaintiff suffers from chronic back pain resulting from disc protrusion with mild encroachment on the S1 root and an annular bulge at the L4-5 and a history of pancreatitis. AR 92; 95. However, the ALJ found

under Section 1.04 of Appendix 1, 20 C.F.R. § 404, Subpt. P. App. 1, the Plaintiff's low back pain did not result in an inability to ambulate effectively, nerve root compression, or other ailment that would render her disabled. AR 93. Additionally, the ALJ found her pancreatic condition did not rise to the level of a disability under Section 5.00 of Appendix 1.

While the ALJ discussed each impairment individually, this in and of itself, does not imply that she failed to consider the combined severity of the impairments. *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) ("[I]ndividual discussion of multiple impairments does not imply that [the ALJ] failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding the Plaintiff does not meet a listing." (*quoting Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1978))). The ALJ specifically found in this case that the Plaintiff did not have an impairment or "combination of impairments" that meets or medically equals one of the listed impairments. AR 93.

### C. Reasonable person analysis

Lastly, the Plaintiff alleges a reasonable person would conclude, based on the totality of the circumstances, that she is disabled. The substantial evidence standard of review requires the deference to the ALJ's ruling if the court finds it is supported by the relevant evidence. *Cutlip*, 25 F.3d at 286. Because this Court finds the ALJ did not err in the weight assigned or the adequacy of reason for the weight given to Dr. Kennon's opinion and properly considered the totality of the Plaintiff's disabilities, the Plaintiff's argument is without merit.

### IV. Conclusion

The Court finds that the ALJ properly applied the relevant legal standards and her decision is supported by substantial evidence. Accordingly, it is order that the Plaintiff's Motion

for Summary Judgment (DE 11) is DENIED and the Commissioner's Motion (DE 12) is GRANTED.

Dated this 13th day of January, 2014.

*Signature of Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY